IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHASTA MCCALLUM,

    Plaintiff,

v.

STATE OF WISCONSIN COURT OF APPEALS, ROCK COUNTY CHILD PROTECTIVE SERVICES, SHANNON DEWEY, ROCK COUNTY FAMILY COURT, JUDGE ALAN BATES, JODI TIMMERMAN, ROCK COUNTY CORPORATION COUNSEL, ROCK SHERIFF DEPARTMENT, JANESVILLE POLICE DEPARTMEN, JANESVILLE SCHOOL DISTRICT, ATTORNEY JENNIFER NASH ELLIOT, GUARDIAN AD LITEM LISA SCHULTZ, GUARDIAN AD LITEM MELISSA BROOKE JOOSE, MIKE LARSON, and PAM LARSON,

    Defendants.

OPINION and ORDER

Case No. 19-cv-415-wmc
Case No. 19-cv-468-wmc

---

*Pro se* plaintiff Shasta Casey McCallum filed these two civil actions pursuant to 42 U.S.C. § 1983 against defendants, various individuals and entities involved in the events and proceedings surrounding the termination of her parental rights to her son "N.M.H." that took place between 2009 or 2010 and May 2018. Since the operative pleading in these two cases are identical (*see* Case No. 19-cv-415, dkt. #8; Case No. 19-cv-468, dkt. #2), the court will consolidate them pursuant to Federal Rule of Civil Procedure 42(a), and this case will proceed under Case No. 19-cv-415. In both lawsuits, plaintiff seeks to proceed *in forma pauperis,* and thus this court must review both complaints pursuant to 28 U.S.C. § 1915(e)(2). In doing so here, the court is mindful that McCallum is held to a

"less stringent standard" in crafting pleadings as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a lenient pleading standard, however, both lawsuits are subject to dismissal. Accordingly, the court is dismissing both complaints without prejudice and requiring plaintiff to submit one proposed amended complaint that corrects the deficiencies laid about below.

ALLEGATIONS OF FACT

McCallum names the following defendants: the State of Wisconsin Court of Appeals; Rock County Child Protective Services; Child Protective Services ("CPS") worker Shannon Dewey, who was involved in the proceedings leading up to the termination of her rights; Rock County Family Court; Judge Alan Bates; Rock County Corporation Counsel Jodi Timmerman, who acted as a court commissioner for the Rock County proceedings related to the termination of her rights; Rock County Corporation Counsel; Rock Sheriff Department; Janesville Police Department; Janesville School District; Attorney Jennifer Nash; Guardian Ad Litem Lisa Schultz; Guardian Ad Litem Melissa Brooke; and Pam and Mike Larson, N.M.H.'s guardians.

McCallum alleges that from 2009 or 2010 until July 2013, Rock County Child Protective Services employees and various public officials caused her parental rights to NMH to be terminated through various nefarious means, including falsifying drug tests so that her blood tested positive for cocaine, conducting illegal searches of her person and property, showing bias against her, refusing to give her a fair trial and falsifying court documents. She further alleges that in July 2015, her appeal to the Wisconsin Court of

Appeals was denied, also without due process, and that her most recent efforts to reassert her rights in Rock County in 2018 were similarly constitutionally defective. McCallum does not provide any details about these proceedings.

OPINION

After review, the court concludes that both complaints are subject to dismissal. To start, the majority of the defendants require dismissal. Neither the State of Wisconsin Appeals Court nor the Rock County Family Court are suable entities. *McCormack v. Wright*, No. 12-cv-483-bbc, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (concluding that since a circuit court is part of the county government it serves, it is not a separate suable entity); *Hoffman v. Kehl*, No. 08C41, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that Kenosha County Circuit Court is not a suable entity since it is an agency of the state); *see also Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (collecting cases on suable entities under Wisconsin law).

Rock County Corporation Counsel, Rock County Sheriff Department, Janesville Police Department, Rock County Child Protective Services and the Janesville School District are not "persons" that may be sued under § 1983. Indeed, while Wisconsin municipalities may be sued, *see* Wis. Stat. § 62.25, agencies and departments may not. *Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983"); *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department is not a "legal entity separable from the county government" and thus is not subject to suit under § 1983).

3

As for Judge Alan Bates, judges are immune from liability for actions taken in their judicial capacity even if those acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Likewise, plaintiff is challenging Rock County Corporation Counsel Timmerman's 2012 and 2013 decisions, in which Timmerman allegedly accepted false evidence, held meetings with other defendants outside of her presence, and ultimately separated plaintiff's family. Timmerman thus is entitled to immunity from liability for actions taken in her function as a court commissioner. *Dellenbach v. Letzinger*, 889 F.2d 755, 763 (7th Cir. 1989) (court commissioners performing "functions integral to the judicial process" are immune from liability). As such, plaintiff has no claim under § 1983 against Bates or Timmerman.

Furthermore, plaintiff names multiple individuals who do not constitute "state actors" subject to liability under § 1983. It appears that Mike Larson and Pam Larson are the individuals who allegedly obtained guardianship of N.M.H., and that Attorney Jennifer Nash Elliot may have been involved in those proceedings but was not a government employee. None of these individuals, however, appear to be working for a governmental entity or could be otherwise classified as "state actors" for purposes of a civil rights action brought under § 1983. *See Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982) ("[T]he

4

party charged with the deprivation must be a person who may fairly be said to be a state actor" or a state official who "has acted with or has obtained significant aid from state officials," or whose "conduct is otherwise chargeable to the State."). Similarly, defendants Lisa Schultz and Melissa Brooke Joose appear to have been appointed as guardians ad litem for N.M.H., and plaintiff seeks to proceed against them for their alleged failure to ensure that plaintiff's constitutional rights were protected. Yet courts have generally concluded either that guardians ad litem have absolute immunity for their representation or that they are not state actors subject to liability under § 1983. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Guardians ad litem . . . are absolutely immune from liability for damages when they act at the court's direction."); *Nelson v. Kujawa*, No. 07-cv-741, 2008 WL 2401260, at *2 (E.D. Wis. June 11, 2008) ("state-appointed guardians ad litem are not state actors subject to liability under 42 U.S.C. § 1983") (citations omitted). Since it does not appear that Mike or Pam Larson, Elliot, Schultz or Joose constitute state actors -- or if state actors, are entitled to immunity, -- plaintiff appears to have no § 1983 claim against them.[1]

This leaves only defendant Shannon Dewey, a CPS worker, who, unlike the other defendants appears to be a state actor and is not entitled to immunity. Thus, the question becomes whether plaintiff's allegations in her complaint support a constitutional claim against her. The biological parent of a child has a fundamental right, protected by the due process clause of the Fourteenth Amendment, to parent that child. *See Lassiter v. Dep't of*

---

[1] To the extent plaintiff is seeking to pursue state law claims against these individuals based on the court's supplemental jurisdiction, 28 U.S.C. § 1367, she can so clarify in her amended pleading.

*Soc. Servs.*, 452 U.S. 18, 27 (1981). A parent may be deprived of that right only if she is afforded notice and an opportunity to be heard at a meaningful time in a meaningful way. In cases involving the termination of parental rights or the removal of a child from the parental home, this usually would require a hearing and an opportunity to participate in that hearing. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982). When the state provides adequate remedies to the parent, there is no due process violation. *Id.* at 515. Indeed, Wisconsin allows for review of ex parte orders regarding child custody and placement, and this review provides an adequate remedy for an erroneous order. *See, e.g.*, *Jones v. Jones*, 142 Wis. 2d 943, 419 N.W.2d 573 (Ct. App. 1987) (reviewing a Dane County Court Commissioner's ex parte order granting custody of a child and concluding that court hearings concerning the order *after* it was entered satisfied due process).

Here, it appears that plaintiff has been able to take advantage of the available Wisconsin remedies, and thus it is unlikely that she has a viable claim under the Fourteenth Amendment against Dewey. While plaintiff alleges that Dewey conducted unauthorized searches, falsified documents and was not present at all of the legal proceedings during critical stages of the CPS investigation, plaintiff's allegations suggest that she participated in the proceedings that resulted in the termination of her parental rights and thus had an opportunity to challenge Dewey's actions. Plaintiff's brief and conclusory allegations may challenge the evidence Dewey presented during the proceedings, but her allegations do not suggest that Dewey actually prevented her from participating in those proceedings. As such, as currently pled, her complaint does not satisfy Federal Rule of Civil Procedure 8,

which requires the complaint to present "a short and plan statement of the claim showing that [she] is entitled to relief."

Since plaintiff's complaint is so lacking in detail, the court will afford her the opportunity to submit a proposed amended complaint explaining how Dewey prevented her from accessing a remedy in the state court system, not just that she is dissatisfied with the results. In deciding whether to submit an amended complaint, plaintiff should bear in mind that her claim will go forward only if she can allege facts suggesting that she had been completely shut out of the process, such that she has had no meaningful opportunity to be heard concerning her parental rights. She should tell a more complete story about what Dewey did to prevent her a full and fair opportunity to protect her parental rights and what steps she has taken to reverse that order. In particular, plaintiff should provide a timeline of the events leading up to the termination of her parental rights, the steps Dewey took to interfere with her ability to participate in the termination proceedings and the impact of those steps on the proceedings. If plaintiff submits a proposed amended complaint by **October 3, 2019**, the court will take it under advisement for screening pursuant to § 1915(e)(2). If plaintiff fails to respond to this order by that deadline, the case will be dismissed.

Finally, plaintiff has filed a motion for attorney assistance (dkt. #3), which will be denied without prejudice. This court will agree to recruit counsel for a pro se litigant only when she demonstrates that her case is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds her ability to litigate it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). If the court determines that

7

plaintiff may proceed based on the allegations in her proposed amended complaint, plaintiff may renew her motion for assistance in recruiting counsel. At this point, however, it would be premature to recruit counsel for her.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to consolidate Case No. 19-cv-415 and 19-cv-468, and this case shall proceed as Case No. 19-cv-415.

2. Plaintiff's complaints are DISMISSED without prejudice, for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until **October 3, 2019,** to submit an amended complaint that omits improper defendants and provides additional details related to her proposed Fourteenth Amendment due process claims against defendants. If plaintiff submits a proposed amended complaint by that deadline, the court will take it under advisement for screening. If plaintiff fails to respond to this order by that deadline, the case will be dismissed.

4. Plaintiff's motion for attorney assistance (Case No. 19-cv-415, dkt. #3) is DENIED without prejudice.

5. Plaintiff's motions for default (Case No. 19-cv-415, dkt. #16, Case No. 19-cv-468, dkt. #10) are DENIED.

Entered this 12th day of September, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge