IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHASTA MCCALLUM,

    Plaintiff,

v.

SHANNON DEWEY,

    Defendants.

OPINION and ORDER

Case No. 19-cv-415-wmc
Case No. 19-cv-468-wmc

On September 12, 2019, the court consolidated *pro se* plaintiff Shasta McCallum's two lawsuits, Case Nos. 19-cv-415 and 19-cv-468, dismissed both complaints without prejudice and directed McCallum to file an amended complaint that provided more details about her challenge to the proceedings related to the termination of her parental rights to her son "N.M.H." that took place between 2009 or 2010 and May 2018. (9/12/2019 Order (dkt. #18).)[1] Specifically, the court concluded that all but one of McCallum's proposed defendants were subject to dismissal as either immune from suit or improper defendants to an action brought under 42 U.S.C. § 1983. The court further noted that while McCallum may be able to articulate a Fourteenth Amendment due process claim against Shannan Dewey, a Child Protective Services ("CPS") worker, her allegations were too vague on that point, specifically explaining:

> The biological parent of a child has a fundamental right, protected by the due process clause of the Fourteenth Amendment, to parent that child. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981). A parent may be deprived of that right only if she is afforded notice and an opportunity to be heard at a meaningful time in a meaningful way. In cases involving the termination of parental rights or the removal of a child from the parental

---

[1] Unless otherwise noted, all citations to the record of these proceedings will be to Case No. 19-cv-415.

> home, this usually would require a hearing and an opportunity to participate in that hearing. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982). When the state provides adequate remedies to the parent, there is no due process violation. *Id.* at 515. Indeed, Wisconsin allows for review of ex parte orders regarding child custody and placement, and this review provides an adequate remedy for an erroneous order. *See, e.g.*, *Jones v. Jones*, 142 Wis. 2d 943, 419 N.W.2d 573 (Ct. App. 1987) (reviewing a Dane County Court Commissioner's ex parte order granting custody of a child and concluding that court hearings concerning the order *after* it was entered satisfied due process).
>
> Here, it appears that plaintiff has been able to take advantage of the available Wisconsin remedies, and thus it is unlikely that she has a viable claim under the Fourteenth Amendment against Dewey. While plaintiff alleges that Dewey conducted unauthorized searches, falsified documents and was not present at all of the legal proceedings during critical stages of the CPS investigation, plaintiff's allegations suggest that she participated in the proceedings that resulted in the termination of her parental rights and thus had an opportunity to challenge Dewey's actions. Plaintiff's brief and conclusory allegations may challenge the evidence Dewey presented during the proceedings, but her allegations do not suggest that Dewey actually prevented her from participating in those proceedings.

(*Id.* at 6-7.)

McCallum has filed an amended complaint in both cases that names only Dewey as a defendant (dkt. #23), as well as several other motions asking for various forms of relief (dkt. ##19-22). The court will grant McCallum's motions asking the court to accept the parties' names she sets forth in the proposed amended complaint. (Dkt. ##19, 22.) However, for the reasons that follow, the court concludes that since McCallum's proposed amended complaint does not support a Fourteenth Amendment claim against Dewey, this case will be dismissed and the court is denying her remaining motions.

ALLEGATIONS OF FACT

Like in the original complaint, McCallum alleges that Rock County Child Protective Services employees and various public officials involved in the Child in Need of Protective Services ("CHIPS") violated her rights in a number of ways, causing a Rock County judge to repeatedly refuse her requests for custody of N.M.H. While McCallum's amended complaint still does not provide a clear chronology of all relevant events, she does provide more details about the alleged wrongdoing conducted by Dewey during proceedings related to N.H.'s placement.

At some point in 2012, Dewey falsely informed CPS that McCallum had tested positive for cocaine, and a judge used this information against her during a trial. McCallum also claims that the judge did not give her a chance to speak during that trial. It appears that N.H. was removed from McCallum's custody on January 12, 2013. (Dkt. #17-1 at 6.) At some point thereafter a Permanency Plan was established that set forth the conditions McCallum would need to fulfill to have N.M.H. returned to her. (*Id.*) In Wisconsin, a Permanency Plan is designed to reunite a child with his family whenever appropriate. *See* Wis. Stat. § 48.38(1)(b).

On July 15, 2013, Dewey "coerced" McCallum into signing a guardianship form assigning N.H.'s uncle, Mike Larson, as guardian. McCallum claims that even though McCallum had met the conditions for N.M.H.'s return (presumably set forth in the Permanency Plan), Dewey made false statements that McCallum tested positive for cocaine, which prevented N.M.H. from being returned to her. Apparently as a part of this

process, Dewey also refused to consider other family members as guardians, and McCallum was not allowed to speak during a court proceeding.

Between 2015 and 2018, McCallum attempted to terminate Larson's guardianship 11 different times. It appears that McCallum attempted to have her ex-husband named as guardian, but that effort failed. McCallum claims that during the course of these various proceedings, Larson gave false information about her drug use, McCallum was not able to speak during a hearing in June 2016 and she was forced to sign a release allowing Larson access to N.M.H.'s personal information at that time. On June 23, 2016, a judge concluded that McCallum was unfit to parent N.M.H., pursuant to Wis. Stat. § 48.415. Additionally, while it appears that McCallum had some limited access to N.M.H., she was denied placement, visitation and custody of N.M.H. McCallum does not provide any details about her participation in these proceedings, but it appears that recommendations were made to preclude McCallum from accessing N.M.H., due to McCallum's drug use.

On March 22, 2018, a Rock County judge concluded that, pursuant to Wis. Stat. § 48.415, grounds existed to find that McCallum was not fit to care for N.M.H. McCallum also complains that between 2013 and 2018, she was represented by four different lawyers, who each acted deficiently in representing her interests during the CHIPS proceedings.

In 2019, McCallum submitted letters to government officials complaining about the proceedings related to N.M.H.'s placement. On June 17, 2019, a representative from the Wisconsin Department of Children and Families responded to a letter McCallum wrote to Governor Evers. (Dkt. #17-1 at 8.) In it, the representative wrote that in response to McCallum's complaints about falsified drug tests and coerced guardianship, Rock County

4

representatives arranged for three different meetings with McCallum in 2013, but she did not attend the meetings. The response letter concluded by directing McCallum to pursue a formal grievance within Rock County. (*Id.*)

OPINION

As noted above, plaintiff has a fundamental right, protected by the due process clause of the Fourteenth Amendment, to parent N.M.H. *Lassiter*, 452 U.S. at 27. Thus, plaintiff could be deprived of that right only if afforded notice and an opportunity to be heard in a meaningful way, which usually requires a hearing. *Ellis*, 669 F.3d at 512. Yet "there is no denial of due process if the state provides reasonable remedies for preventing families from being arbitrarily broken up by local domestic relations officers." *Id.* at 515.

Plaintiff's allegations continue to be vague and disjointed, but the court will accept that her custodial rights have been denied on multiple occasions. The court further accepts that plaintiff has pled facts that permit a reasonable inference that Dewey may have been involved in preventing plaintiff from participating in the July 15, 2013, and July 24, 2016, hearings related to N.M.H.'s guardianship and placement. The problem with plaintiff's allegations is that she does not suggest that she was unable to correct the allegedly erroneous results of those hearings. Indeed, Wisconsin state law provides that a parent aggrieved by a parental rights ruling has the opportunity to correct an erroneous result. *See* Wis. Stat. § 48.38(5), (5m) (providing for mandatory permanency plan review and hearings, with notice to parents). Plaintiff's allegations in her amended complaint, and the documents she has attached to her pleadings, suggest that, even assuming plaintiff was not

allowed to speak during certain hearings, she still has had multiple opportunities for review of N.M.H.'s placement since those hearing took place. Accordingly, the court concludes that plaintiff has failed to allege facts suggesting that she was denied access to reasonable remedies to challenge N.M.H.'s placement, and thus she has failed to state a Fourteenth Amendment due process claim. As such, the court is now dismissing this case with prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Shasta McCallum's proposed amended complaints (No. 19-cv-415, dkt. #23; No. 19-cv-468, dkt. #17) are DISMISSED with prejudice for failure to state a claim.

2. Plaintiff's motions to change plaintiff name (No. 19-cv-415, dkt. #20; No. 19-cv-468, dkt. #13) and to remove all defendants except Shannon Dewey (No. 19-cv-415, dkt. #22, No. 19-cv-468, dkt. #16) are GRANTED.

3. Plaintiff's remaining motions (No. 19-cv-415, dkt. ##4, 20, 21; No. 19-cv-468, dkt. ##14, 15) are DENIED as moot.

4. The clerk of court is directed to close these cases.

Entered this 11th day of March, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge